UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER SADOWSKI,

Plaintiff,

v. Case No. 8:23-CV-00297-MSS-SPF

SITE SPIN OFF LLC,

Defendant.
______________________________________/

# REPORT AND RECOMMENDATION

Following judgment for Plaintiff Christopher Sadowski and against Defendant Site Spin Off LLC (Doc. 15), Plaintiff moves for entitlement to attorney's fees as the prevailing party under 17 U.S.C. § 505, Rule 54(d)(2), and Local Rule 7.01 (Doc. 16). Defendant opposes the motion (Doc. 23), and Plaintiff filed a Reply (Doc. 30). Also before the Court is Defendant's motion to deny costs under Rule 54(d)(1) (Doc. 29) and Plaintiff's Response (Doc. 31). Upon consideration, the undersigned recommends the Court grant Plaintiff's entitlement motion (Doc. 16) and grant in part and deny in part Defendant's motion to deny costs (Doc. 29).

## I. Background

Plaintiff Christopher Sadowski sued Defendant Site Spin Off LLC for direct copyright infringement under 17 U.S.C. § 501 (Doc. 1). Plaintiff, a professional photographer, registered his photograph of "a collection of small-packed condiment servings" (the "Photograph") with the United States Copyright Office on April 6, 2021 (*Id.*). Defendant maintains www.thedelite.com and posted the Photograph on its website along with an article about a nationwide shortage of ketchup packets (*Id.*). After Plaintiff filed his one-count complaint in

February 2023, Defendant took down the Photograph and timely filed an answer admitting: the Photograph had appeared on its website, and it had received $7.91 in revenue from the online article accompanying it (Doc. 12). Plaintiff initiated settlement negotiations with a request for $17,000. Defendant responded with an $1,100 offer of judgment under Fed. R. Civ. P. 68 (Doc. 13-1), and Plaintiff accepted (Doc. 11). Defendant notified the Court of the parties' settlement, prompting the Court to direct the Clerk to enter judgment in Plaintiff's favor and against Defendant for $1,100 and close the case (Doc. 14). The Clerk did so on April 13, 2023 (Doc. 15), and on May 24, 2023, taxed $477 in costs against Defendant (Doc. 28).

At this juncture, Plaintiff claims entitlement to attorney's fees (Doc. 16), arguing the factors articulated in *Fogerty v. Fantasy Inc.*, 510 U.S. 517 (11th Cir. 1994) support a fee award. (Doc. 16). Plaintiff estimates he incurred attorney's fees of $6,000. *See* L.R. 7.01(b)(2), M.D. Fla. (2021).[1] Defendant urges the Court to deny Plaintiff's entitlement motion and deny him costs (consisting of filing and service fees). It argues that imposing attorney's fees and costs is contrary to the interests of the Copyright Act because Plaintiff is a serial copyright litigator who sent his pre-suit notice of Defendant's infringement to inactive email addresses, demanded an exorbitant amount to settle his claim, and then quickly accepted a much lower offer of judgment (Doc. 23). Defendant alleges Plaintiff is backloading his claim by estimating attorney's fees at approximately six times the judgment he obtained. In his Reply, Plaintiff contends the relatively small judgment strengthens his request for an attorney's fees award.

[1] Under Local Rule 7.01, a party claiming post-judgment attorney's fees "must obtain an order determining entitlement before providing a supplemental motion on amount." L.R. 7.01(b), M.D. Fla. (2021). The motion on entitlement must "(1) identify the judgment and the statute entitling movant to the award, (2) include the amount or fair estimation of the amount sought, and (3) include a memorandum of law." (*see* Doc. 16 at 4).

(Doc. 30, citing *Gonzalez v. Transfer Techs., Inc.*, 301 F.3d 608, 610 (7th Cir. 2002) (explaining that prohibiting smaller damage awards would grant minor, willful infringements immunity, and imposing fees on infringers is important to deter privileged behavior in these cases)).

**II. Discussion**

The Copyright Act grants courts the power to award reasonable attorney's fees and costs to the prevailing party. 17 U.S.C. § 505. Consistent with this statutory language, the Supreme Court has rejected the idea that Section 505 *requires* a court to award attorney's fees to the prevailing party. *Fogarty*, 510 U.S. at 533. In deciding whether fees are warranted, courts consider "'whether imposition of attorney's fees will further the goals of the Copyright Act, *i.e.*, by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure that the boundaries of copyright law are demarcated as clearly as possible.'" *InDyne, Inc. v. Abascus Tech. Corp.*, 587 F. App'x 552, 554 (11th Cir. 2014) (quoting *MiTek Holdings, Inc. v. Arce Eng'g Co.,* 198 F.3d 840, 842-43 (11th Cir. 1999)).

The prevailing party bears the burden of establishing entitlement to attorney's fees. *Katz v. Chevaldina*, 127 F.Supp.3d 1285, 1296 (S.D. Fla. 2015). For purposes of Section 505, "[p]revailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to the prevailing parties only as a matter of the court's discretion." *Indyne*, 587 F. App'x at 534. Courts make particularized, case-by-case assessments of the appropriateness of fees by balancing the non-exhaustive factors endorsed by the Supreme Court in *Fogerty*. These factors are: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) objective unreasonableness of the non-prevailing party's positions, both in the factual and in the legal components of the case; and (5) the need in particular circumstances to advance

considerations of compensation and deterrence. *Fogerty*, 510 U.S. at 535. *Fogerty* does not require a court to weigh all these factors; they guide a court's discretion "so long as such factors are faithful to the purposes of the Copyright Act." *Id.* at 535 n.19.

**A. Degree of Success Obtained**

Plaintiff registered the Photograph with the USCO on April 6, 2021, under Registration No. VA 2-260-141; he owns a valid copyright to the Photograph. (Doc. 1). In his complaint (Doc. 1), Plaintiff sought damages and to enjoin Defendant from infringing his copyright. In its answer, Defendant admitted it posted the Photograph on its website and took the Photograph down once Plaintiff sued. Defendant paid Plaintiff $1,100 to resolve the case, and Plaintiff received final judgment in his favor. It is undisputed Plaintiff is the prevailing party within the meaning of the Copyright Act. This factor supports awarding Plaintiff fees.

**B. Frivolity/Objective Unreasonableness**

In evaluating the frivolousness and objective unreasonableness factors, the Court examines both the factual and legal components of the claim throughout the litigation. *See Victor Elias Photography, LLC v. Ice Portal, Inc.*, 2023 WL 2562659, at * 4 (S.D. Fla. Mar. 1, 2023). Courts consider objective unreasonableness and frivolity on a continuum: an objectively unreasonable claim lacks merit while "frivolousness . . . in copyright cases is usually found in cases in which the claimant does not even *own* the copyright in question or has granted a license to the alleged infringer but sues for infringement nonetheless." *Corwin v. Walt Disney World Co.*, 2008 WL 754697, at *6 (M.D. Fla. Mar. 18, 2008).

In urging the Court to deny fees, Defendant offers no evidence that Plaintiff's claim was frivolous. Defendant points out that Plaintiff initiated settlement negotiations but quickly

accepted Defendant's much lower counter (its $1,100 offer of judgment). Defendant surmises that "Sadowski clearly feared that this offer of judgment posed too much of a risk to push forward with litigation over a photograph of generic ketchup packets." (Doc. 23 at 9). This alone does not establish frivolousness.

Neither was Plaintiff's claim objectively unreasonable. Defendant, citing *Dawes-Ordonez v. Forman*, 418 F. App'x 819, 821 (11th Cir. 2011), argues the Court should deny Plaintiff's entitlement motion because his failure to give Defendant adequate pre-suit notice of its infringement was objectively unreasonable. In *Dawes-Ordonez*, the Eleventh Circuit upheld the district court's award of fees to the *prevailing defendant* because the plaintiff's decision to sue before giving notice of alleged infringement (and despite granting defendant license to disseminate the photographs) was objectively unreasonable and demonstrated questionable subjective motivation. The *Dawes-Ordonez* court stated: "[T]he purposes of the copyright laws are served only when parties 'litigate meritorious arguments,'" and failure to provide adequate notice before suing is "objectively unreasonable." *Id.* at 819 (citing *Fogerty,* 510 U.S. at 527). Here, Plaintiff's claim had merit: the parties agree that Plaintiff owned a valid copyright to the Photograph and that Defendant posted the Photograph on its website without Plaintiff's permission. Plaintiff's conduct in suing was objectively reasonable. These factors weigh in Plaintiff's favor and against Defendant.

**C. Motivation**

The next factor addresses Plaintiff's motivation to sue. Defendant emphasizes that Plaintiff is a serial copyright litigator. Joseph Weissman, Defendant's attorney, submitted a declaration stating that Plaintiff has filed over 167 copyright cases in federal courts nationwide, including 34 cases in the past year, and that many utilize a "virtually identical"

form complaint (Doc. 25 "Weissman Decl." at ¶¶ 9, 11). "Sadowski's *modus operandi* seems to be to provide questionable notice to potential defendants, demand exorbitant amounts for minimal uses of his photographs online and then demand attorney's fees regardless of the overall seriousness or value of his claims." (Doc. 23 at 2).[2] Weissman's legal research reveals that Plaintiff has a pattern of filing cookie cutter infringement complaints and then obtaining small potatoes default judgments that include attorney's fees awards (Doc. 25 at ¶¶ 9-10 and Ex. E). *See also Sadowski v. Roser Communications Network, Inc.*, No. 19-cv-592, 2020 WL 360815, at *3 (N.D.N.Y. Jan. 22, 2020) (awarding statutory damages and $3,750 in attorney's fees following defendant's default; emphasizing Sadowski's then-counsel had a "preceding reputation during his short legal tenure" of "bring[ing] complaint after complaint in court after court alleging minute copyright infringement claims to which, given the rather muted stakes involved, defendants often fail to respond."); *Sadowski v. Render Media, Inc.*, 17-cv-9045(PGG)(JLC), 2020 WL 1178629, at *6 (S.D.N.Y. Mar. 10, 2020), *report and recommendation adopted*, 2020 WL 5968688 (S.D.N.Y. Oct. 8, 2020) (awarding $25,000 in statutory damages after defendant's default; noting Sadowski's then-counsel's legal strategy of filing serial and nearly identical complaints; reducing attorney's fees from $4,500 to $2,500).[3]

---

[2] Courts do not presume entitlement to fees in a copyright case where the monetary stakes are small, contrary to Plaintiff's suggestion (Doc. 30). Adopting such a presumption "would collide with Supreme Court guidance and is not consistent with [§ 505]." *Glacier Films (USA), Inc. v. Turchin,* 896 F.3d 1033, 1039 (9th Cir. 2018); *see Kirstsaeng*, 579 U.S. at 208 (explaining that § 505 confers broad discretion on district courts and [the courts] must balance a range of considerations beyond reasonableness of litigating positions in awarding fees and costs).

[3] In 2020 the lawyer who represented Plaintiff in *Sadowski v. Roser Communications Network, Inc.* and *Sadowski v. Render Media, Inc.* earned the "dubious distinction," in a copyright case to which Plaintiff was not a party, of being labelled "one of the most frequently sanctioned lawyers, if not the most frequently sanctioned lawyer" in the Southern District of New York

As evidence, Defendant argues Plaintiff did not seriously attempt to notify Defendant of its infringement *before* he sued. (Bond Decl. ¶ 8). Plaintiff states in his complaint and again in his entitlement motion he sent pre-suit notice to Defendant via physical mail on August 23, 2022, and via email on October 25, 2022 (Docs. 1 at 3; 16 at 9). But Kenneth Bond, Defendant's manager at the time, states Defendant "never received anything from Plaintiff or its counsel regarding the alleged copyright infringement prior to being served with the lawsuit in this action in February 2023." (Doc. 24 "Bond Decl." at ¶ 4). According to Bond, Defendant regularly receives mail at its physical address, and he is "unaware of any instance in the past year in which [Defendant] has failed to receive any mail sent to [Defendant] at this address." (*Id*. at ¶ 7). And, had Defendant received notice from Plaintiff "prior to being served with the lawsuit in this action, [Defendant] would have immediately removed the image that is the subject of the letter and attempted to resolve this matter out of Court." (*Id*. at ¶ 8). Bond also points out that the email addresses where Plaintiff alleging sent notice in October 2022 (support@thedelite.com and advertising@thedelite.com) "are general email addresses that were inactive in the months Plaintiff says the emails were sent. Any email sent to either address would have received an email response within minutes with a notification of an 'Email Delivery Failure.'" (*Id*. at ¶ 9).

for repeatedly violating court orders. *Usherson v. Bandshell Artist Management*, 2020 WL 3483661, at *1 (S.D.N.Y. June 26, 2020) (sanctioning plaintiff's counsel for failing to comply with court orders directing him to produce proof of licensing of photograph and collecting cases referring to him as "a copyright troll;" "a clear and present danger to the fair and efficient administration of justice;" a "legal lamprey;" and an "example of the worst kind of lawyering."). Plaintiff cut ties with that attorney, who does not represent Plaintiff in this suit, and there is no allegation that Plaintiff's current counsel committed sanctionable conduct in this case.

Once served with the complaint, defense counsel contacted Plaintiff asking for a copy of the pre-suit letter and the emails referenced in his complaint (Weissman Decl. at ¶ 3). The letter Plaintiff alleges he sent via physical mail on August 23, 2022, is dated August 29, 2022, and states "Via Email" in the address block (and lists the two inactive email addresses referenced above) (*Id.* at Ex. C). Defense counsel also obtained from Plaintiff (post-suit) a copy of the October 25, 2022 email Plaintiff references in his complaint and entitlement motion. The email is dated October 24, 2022 and was sent to the same inactive addresses (*Id.* at Ex. D). It states: "We previously sent correspondence *via email* for which we have yet to receive a response." (*Id.*) (emphasis added).

At bottom, Defendant argues the volume of copyright infringement suits Plaintiff has filed, their cookie-cutter nature, and his inconsistent statements regarding notice in this case (and Defendant's attestation it never received pre-suit notice) evince Plaintiff's bad faith. According to Defendant, Plaintiff knew his initial settlement offer was "outrageous" and "seems to have decided to bank on a motion for attorney's fees to maximize his profit." (Doc. 23 at 9). And – Defendant argues – Plaintiff knew or should have known he did not notify Defendant of its infringement before suing. (Doc. 29).

On these facts the Court declines to infer bad faith. That Plaintiff has filed numerous low value infringement cases is not necessarily evidence of bad faith, as "such conduct is also consistent with there being widespread infringement of [Plaintiff's] work." *Grecco v. Age Fotostick Am., Inc.*, 21-cv-423(JSR), 2021 WL 5567615, at *4 (S.D.N.Y. Nov. 29, 2021) (declining to award prevailing defendant attorney's fees against frequent copyright litigator absent evidence of plaintiff's unreasonable behavior or bad faith). To be sure, Plaintiff's argument that he was forced to sue because Defendant "refused despite multiple notifications

to take the infringing content down or to communicate with Plaintiff" is heavy-handed (Doc. 16 at 11). Defendant quickly removed the Photograph from its website after Plaintiff served it with the complaint. But neither does the Court infer Plaintiff's bad faith from the parties' dispute over pre-suit notice because insufficient evidence supports Defendant's suggestion that Plaintiff either knew his attempts at pre-suit notice had failed or that he intentionally designed them to fail. This factor favors Plaintiff.

### D. Compensation and Deterrence

The "touchstone of attorney's fees under § 505 is whether or not the imposition of said fees will further the interests of the Copyright Act by encouraging reasonable claims and defenses to deter infringement and ensure the boundaries of copyright law [are] demarcated." *MiTek,* 198 F.3d at 842. Contrary to Defendant's argument, under these circumstances denying Plaintiff's motion would not promote the interests of the Copyright Act. Plaintiff's claim was reasonable and meritorious and filing it deterred Defendant's continued infringement. *See Malibu Media, LLC v. Pelizzo*, 604 F. App'x 879, 881 (11th Cir. 2015) ("[if] Malibu's claims were properly brought and properly maintained, then they properly served the purposes of the Copyright Act.").

### E. Balancing *Fogerty*

The Court weighs *Fogerty*'s factors and finds they all tip in Plaintiff's favor as to his entitlement motion only. Upon the parties' filing of supplemental briefs, the Court will utilize the lodestar method to determine Plaintiff's reasonable fee award by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

**F. Costs**

Relying on the Court's discretion under Section 505, Defendant urges the Court to deny Plaintiff an award of costs for the same reasons it opposes Plaintiff's entitlement motion (Doc. 29). Under Rule 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Here, Plaintiff is the prevailing party. *See Ameripath, Inc. v. Wetherington*, No. 10-60766-CIV, 2011 WL 3475367, at *2 (S.D. Fla. Aug. 9, 2011) ("prevailing party" is "one who has been awarded some relief by the court").

Taxable costs are examined under 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). The relevance of Section 505 is that it does not permit the recovery of costs beyond the limitations in 28 U.S.C. § 1920. *See Artisan Contractors Ass'n of Am., Inc. v. Frontier Ins. Co.*, 275 F.3d 1038 (11th Cir. 2001). All the cases in Defendant's motion to deny costs analyze the discretionary standard for awarding attorney's under Section 505 (*see* Doc. 29), but courts analyze attorney's fees awards differently when compared to bills of cost. *See Acosta v. Mega Media Hldgs., Inc.*, No. 15-21837-Civ-COOKE-TORRES, 2017 WL 11680177, at *5 (S.D. Fla. Mar. 2, 2017), *report and recommendation adopted*, 2017 WL 11680178 (S.D. Fla. Mar. 28, 2017).

Allowable costs under 28 U.S.C. § 1920 are: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, interpreters, and special interpretation services. 28 U.S.C. § 1920. Plaintiff may recover his $402 filing fee and

$65 in process server fees under 28 U.S.C. § 1920, for a total of $467 (although Plaintiff seeks $75 in service fees (*see* Doc. 28), 28 C.F.R. § 0.114 only authorizes $65 for each item served).

## III. Conclusion

The undersigned **RECOMMENDS**:

(1) Plaintiff's Motion for Entitlement to Attorney's Fees and Expenses (Doc. 16) be **GRANTED**.

(2) Within 45 days of the order adopting this Report and Recommendation, Plaintiff be directed to file a supplemental motion regarding the amount of attorney's fees and expenses incurred under Local Rule 7.01(c), M.D. Fla. (2021).

(3) Defendant's Motion to Deny Costs (Doc. 29) be **GRANTED in part and DENIED in part**, and the Clerk be directed to tax $467 costs against Defendant ($402 in filing fees and $65 in service fees).

It is so **REPORTED** in Tampa, Florida on July 19, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object under § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions in this Report and Recommendation. 11th Cir. R. 3-1.